# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed November 5, 1928.

KOETHER
VS.
OTTO AND WIFE.

*Arthur E. Hamm* for complainants.
*Milton Tolle* for defendants.

SOLTER, J.—

This is likewise a companion case to the aforegoing, but differs in this respect—that the Morelands have conveyed to the defendant Otto and wife with a $5,000 minimum cost restriction instead of a $6,000 cost restriction. The $6,000 restriction is made the basis of the bill, and it is charged that the defendants are building houses costing less than this amount. In the chain of title it appears that the Morelands conveyed these lots now owned by Otto to one Powers with the $6,000 restriction and he reconveyed them to the Morelands by a subsequent deed in fee, without any mention of the restrictions. It is the opinion of the Court that by this reconveyance the Morelands held them as though the Powers deed had never been made.

The effect of exacting covenants from the several purchasers requiring the house cost to be not less than $6,000 with nothing else in the case is equally consistent with the protection merely of Moreland's remaining lots, leaving him free to deal with those remaining lots as he felt disposed. This is the rule in Maryland, as shown in the main opinion. When to this were added the street improvements, the plat and the sign calling attention to the fact that the lots were restricted, and the further fact that the defendant's own deed called for the same $6,000 restriction, a building scheme was held to

have been intended. But it has been held that a building scheme may be held to exist, yet leaving the common grantor free to vary the cost of buildings according to location. Neidlinger vs. New York Association, 200 N. Y. Supp. 852. Therefore as the plat, street improvement and sign are negative as to the minimum cost, Otto had the right to assume the power in the Morelands to fix this cost as $5,000. If this is true, the other lot owners cannot complain, and a bill to enforce a $6,000 cost must fail.

The demurrer to this bill will be sustained.

## PERSONAL NOTE.

It will be seen that in the main opinion many principles of law not particularly necessary to the decision have been stated. My reason for setting them out is that they are intended for my own future reference. To my mind the law as to the enforcement of restrictive covenants is not as certain as it should be, in view of the great number of suburban restricted developments constantly being projected. There are no persons who accommodate themselves so readily to statutory rules as those engaged in the conveyance of real estate. When a law is passed relating to title to real estate it is immediately noted and observed by conveyancers. There should be no occasion for a title examiner to determine what a grantor or grantee of land *intended* by a covenant except by what is clearly stated in the deed. He should not be compelled to decide whether a building scheme was intended "as a matter of fact," nor should he be required to decide the intention of the parties as to whether or not by a restrictive covenant certain land was to be benefited. or otherwise. It has occurred to me that a simple law could be enacted which would embody the idea that all restrictive covenants are to be regarded as personal between the covenantor and covenantee, unless the heirs and assigns of both are expressly bound and that no uniform scheme of development will be construed from the existence of restrictive covenants unless it is expressly stated in prior conveyances from the common grantor (or the one in question) that they are to be for the mutual benefit of all the lots in the tract.